United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 1, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-50383
Summary Calendar

_____

PHILIP RALIDIS,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA; INTERNAL REVENUE SERVICE;
AND RICHARD J. WEMPE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas
No. 04-CV-643

_____

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Philip Ralidis, *pro se*, appeals the district court's grant of summary judgment in favor of the

defendants. As discussed below, we affirm and grant the defendants' motion for $6,000 in sanctions

under FED. R. APP. P. 38.

I. Facts and Proceedings

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and
is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

During the 2002 tax year, Ralidis, a medical doctor, earned $316,350. On his tax return for that year, he wrote that he had "no taxable source of income." Accordingly, he reported all zeros; in addition, he claimed a refund of $77,048 in withholding amounts. He also filed a Form W-4, claiming he was exempt from taxation. Upon reviewing the tax return, the Internal Revenue Service ("IRS") determined the return to be substantially incorrect and frivolous, and assessed a $500 civil penalty pursuant to 26 U.S.C. § 6702.

On April 15, 2004, the IRS issued a final notice of intent to levy against Ralidis. Ralidis timely requested a Collection Due Process hearing, asserting numerous groundless defenses to the proposed collection action. After the IRS assigned an Appeals Officer to the case, a letter exchange ensued wherein the Appeals Officer informed Ralidis that he must make non-frivolous arguments in order to pursue his appeal and Ralidis maintained that his arguments, in fact, were not frivolous. The IRS eventually came to a final determination to levy against Ralidis.

Ralidis appealed the IRS's determination to the district court, arguing, *inter alia*, that no section of the Internal Revenue Code subjected him to income taxes, that § 6702 is invalid because it lacks implementing regulations, and that the IRS denied him due process by refusing a face-to-face Collection Due Process hearing. After appropriate briefing by the parties, the district court granted summary judgment in favor of the defendants.

## II. Standard of Review

A grant of summary judgment is reviewed *de novo*. *Jones v. Comm'r*, 338 F.3d 463, 466 (5th Cir. 2003). Summary judgment is proper when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). We apply the same standard as the district court, construing all facts and inferences in the light most favorable

2

to the non-moving party. *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 454 (5th Cir. 2005).

### III. Discussion

On appeal to this court, Ralidis recycles the same tired arguments that he advanced below. His argument that no law requires him to pay income tax is clearly frivolous, and we will waste no time explaining the obvious. Also, 26 U.S.C. § 6702 is validly applied even in the absence of an implementing regulation. *See, e.g.*, *Sochia v. Comm'r*, 23 F.3d 941, 944 (5th Cir. 1994) (upholding a $500 assessment under § 6702). The IRS's imposition of the $500 sanction under the statute was proper in that Ralidis's tax return "contains information that on its face indicates that the self-assessment is substantially incorrect" and the incorrect self-assessment is based on a frivolous position. *See* 26 U.S.C. § 6702. Furthermore, Ralidis's contention that due process requires the IRS to allow him a face-to-face meeting is unavailing. He was offered a face-to-face meeting in order to advance non-frivolous arguments, but he declined the invitation. Furthermore, the IRS regulations clearly allow a Collection Due Process hearing to be conducted based solely on correspondence. *See* 26 C.F.R. § 301.6330-1(d)(2).

Presciently believing we would find Ralidis's appeal frivolous, the defendants move to sanction him so that the government can be compensated for the costs of defending against this appeal. In light of Ralidis's contumacious advancement of long-defunct arguments, Ralidis's *pro se* status does not excuse his action. *See Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005); *Lonsdale v. Comm'r*, 661 F.2d 71, 72 (5th Cir. 1981) ("Bending over backwards, in indulgence of appellants' pro se status, we today forbear the sanctions of Rule 38. . . . We publish this opinion as notice to future litigants that the continued advancing of these long-defunct arguments invites such sanctions. . . ."). Accordingly, we grant the defendant's motion for sanctions of $6,000 for pursuing a frivolous

appeal, pursuant to FED. R. APP. P. 38. *See Parker v. Comm'r*, 117 F.3d 785, 787 (5th Cir. 1997) (approving the practice of imposing a lump sum sanction in lieu of costs because it "saves the government the additional cost of calculating its expenses, and also saves the court the time and expense of reviewing the submission of costs").

## IV. Conclusion

We AFFIRM the district court's grant of summary judgment in favor of the defendants and ORDER that sanctions be imposed against Ralidis and in favor of the defendants in the amount of $6,000.