United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 12, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 06-60908
Summary Calendar

_____

PATSIE R. BURNETT

Petitioner-Appellant,

versus

COMMISSIONER OF INTERNAL REVENUE

Respondent-Appellee.

_____

Appeal from the Order and Decision
of the United States Tax Court

_____

Before REAVLEY, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

Taxpayer Patsie Burnett pro se appeals the United States Tax Court's grant of

summary judgment and sanctions in favor of the Commissioner of Internal Revenue

("Commissioner"), which issued a final determination of levy based on deficiencies for

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

the taxable years 1994 through 1997.[1]   Reviewing the record <u>de novo</u> and applying the same abuse-of-discretion standard as the Tax Court,[2] we affirm for the following reasons:

1.      Burnett first claims that the Commissioner denied her an adequate collection due process (CDP) hearing under 26 U.S.C. § 6330 by refusing to provide her an in-person hearing following notice of intent to levy. We disagree.

Treasury regulations require taxpayers to state their reasons for disagreement with the proposed levy in requesting a CDP hearing. 26 C.F.R. § 301.6330-1(c)(2) Q&A-C1(ii)(E). The lengthy missive attached to Burnett's form CDP hearing request set forth various frivolous and groundless defenses to the proposed collection action. Following Burnett's request, in addition to exchanging correspondence, the IRS Appeals Officer scheduled a telephonic hearing with Burnett. Burnett refused to speak with the Officer when called and did not, as she stated she would, call the Officer back.

---

[1]  We affirmed the Tax Court's determination of the underlying liabilities for these taxable years in <u>Burnett v. Comm'r</u>, 67 Fed. App'x 248 (5th Cir. 2003).

[2]  <u>See</u> <u>Stearman v. Comm'r</u>, 436 F.3d 533, 535 (5th Cir. 2006) (stating that the Tax Court's imposition of sanctions under I.R.C. § 6673 is reviewed for abuse of discretion); <u>Christopher Cross, Inc. v. United States</u>, 461 F.3d 610, 612 (5th Cir. 2006) (noting that in a CDP case in which the underlying liability is not at issue, the Tax Court and the court of appeals review the Commissioner's determination for abuse of discretion).

As we have recognized and as Treasury regulations make clear, CDP hearings are valid and satisfy the demands of due process if conducted by telephone or correspondence instead of face-to-face particularly where, as here, the taxpayer's proffered arguments are frivolous.  See Ralidas v. United States, 169 Fed. App'x 390, 391 (5th Cir. 2006);  26 C.F.R. § 301.6330-1(d)(2) Q&A-D6 ("CDP hearings . . . are informal in nature and do not require the Appeals officer or employee and the taxpayer, or the taxpayer's representative to hold a face-to-face meeting.  A CDP hearing may, but is not required to, consist of a face-to-face meeting . . . .") and Q&A-D8 ("A face-to-face CDP conference concerning a taxpayer's underlying liability will not be granted if the request for a hearing or other taxpayer communication indicates that the taxpayer wishes only to raise irrelevant or frivolous issues concerning that liability.").[3]  Because the issues Burnett indicated she would have raised in a face-to-face meeting

---

[3] We note that Q&A-D8, which describes specific circumstances in which Appeals will not hold a face-to-face conference with the taxpayer because a conference will serve no useful purpose, was added to Treasury regulations effective November 16, 2006, after this case was on appeal.  Q&A-D8 of the regulation provides that a face-to-face conference need not be offered if the taxpayer raises only frivolous arguments concerning the Federal tax system.  This clarification was added because Q&A-D7, which sets forth where face-to-face hearings are to be held if offered, had been misinterpreted by some taxpayers as requiring the IRS to hold a face-to-face conference at the taxpayer's option.  See Misc. Changes to Collection Due Process Procedures Relating to Notice and Opportunity for Hearing Upon Filing of Notice of Federal Tax Lien, 70 Fed. Reg. 54681, 54683 (proposed Sept. 15, 2005) (to be codified at 26 C.F.R. pt. 301).  That is the same misinterpretation that Burnett relies upon.

were frivolous and because Burnett was offered a telephonic hearing as permitted by Treasury regulations, the Tax Court properly found that the IRS afforded Burnett an opportunity for an adequate CDP hearing.

2.  Burnett further asserts that the Tax Court granted summary judgment on insufficient evidence. We find Burnett's objections to the scope of the administrative record without merit. No formal administrative record is required in informal adjudicative proceedings such as CDP hearings. See Kindred v. Comm'r, 454 F.3d 688, 696 & n.21 (7th Cir. 2006); Living Care Alternatives of Utica, Inc. v. United States, 411 F.3d 621, 624 (6th Cir. 2005). Further, while the pre-levy hearing statute and regulations do require verification that the requirements of any applicable law or administrative procedure have been met,[4] the law does not mandate that the Appeals Officer rely on any particular documents in satisfying the verification requirement. The notice of determination and attached explanation fully explained the rationale for the determination. We are satisfied that this thorough explanation for the final action taken provided an adequate basis for the Tax Court's conclusion that the Appeals Officer made a reasoned decision under the Internal Revenue Code and Treasury regulations. Living Care, 411 F.3d at 630.

---

[4]  See 26 U.S.C. § 6330(c)(1); 26 C.F.R. § 301.6330.1(e)(1).

4

3.    Finally, we reject Burnett's assertion that the Tax Court levied improper sanctions against her.  Code Section 6673(a)(1) authorizes the Tax Court to impose sanctions against a taxpayer who maintains a proceeding primarily for delay or who maintains a frivolous position.  A claim is "frivolous" under 26 U.S.C. § 6673(a)(1)(B) if "it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Rhodes v. Comm'r,  152 Fed. App'x 340, 342 (5th Cir. 2005) (quoting Coleman v. Comm'r, 791 F.2d 68, 71 (7th Cir.1986)).

In her request for a CDP hearing and during summary judgment argument, Burnett asserted inter alia (1) that the underlying liabilities are invalid because nothing in the Internal Revenue Code requires her to file tax returns and pay taxes; and (2) that the IRS failed to send her proper notice and demand because nothing in the Code makes her liable to pay any tax.  These arguments are patently frivolous.[5]  In view of Burnett's failure

_____

[5]  We have recognized that "[t]he claim that wages and investment income are somehow exempt from federal taxation is a tired one, and has been repeatedly rejected." Rhodes, 152 Fed. App'x  at 341 (citing Lonsdale v. Comm'r, 661 F.2d 71, 72 (5th Cir. 1981) (labeling such claims "meritless," "stale," and "long settled.") and  Capps v. Eggers, 782 F.2d 1341, 1343 (5th Cir. 1986) (finding such a claim to be "manifestly and patently frivolous.")).  Burnett's contention that an assessment must precede deficiency has also been rejected by this court.  Rhodes, 152 Fed. App'x at 341;  State Farm Life Ins. Co. v. Swift, 129 F.3d 792, 799 n.41 (5th Cir. 1997) ("An assessment is not a prerequisite to tax liability.").
        We further note that section 6330(c)(2)(B) provides that the existence and amount of the underlying tax liability can only be contested at an Appeals Office hearing if the taxpayer did not receive a notice of deficiency for the taxes in question or did not

5

to raise any substantial issues regarding the levy and her refusal to discuss the matter with the Appeals Officer when both parties were on the telephone, it is apparent that her repeated requests for a face-to-face conference and her allegations that the Appeals Officer abused his discretion in sustaining the levy were made merely in hope of further delaying the collection of her delinquent tax liabilities.

Burnett's case is based upon frivolous claims that are contrary to relevant statutes and case law, and Burnett has continued to advance frivolous challenges to the tax laws in spite of warnings to refrain from doing so. Burnett was provided an opportunity for a CDP hearing to discuss non-frivolous issues pertaining to the levy. She failed to take advantage of that opportunity and has engaged in dilatory conduct to postpone collection. We agree with the Tax Court's conclusion that Burnett has become a serial offender in making frivolous arguments for the sake of delay and accordingly affirm the imposition of a penalty under section 6673.

AFFIRMED.

---

otherwise have an opportunity to dispute such tax liability. Because we affirmed the Tax Court's determination of Burnett's deficiencies for the taxable years which lead to the levy, Burnett was precluded from placing the underlying liabilities for those taxable years at issue in this case. Burnett v. Comm'r, 67 Fed. App'x 248 (5th Cir. 2003).