T.C. Memo. 2013-110

UNITED STATES TAX COURT

PRECISION PROSTHETIC, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 24515-11L, 24516-11L.        Filed April 16, 2013.

John Lee (an officer), for petitioner.

Bryan J. Dotson, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, Judge:  This proceeding was commenced in response to two

Notices of Determination Concerning Collection Action(s) Under 6320(c) and/or

6330(d)(1).[1]  Petitioner seeks review of respondent's determinations to proceed

_____

[1]  Unless otherwise indicated, all section references are to the Internal

(continued...)

**[\*2]** with proposed levies.  Petitioner's sole contention is that respondent erred in refusing to credit its purported overpayment of employment tax for the period ending December 31, 2005, against its outstanding employment tax liabilities.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.  The stipulation of facts and the attached exhibits are incorporated herein by this reference.  Petitioner's principal place of business is in Texas.

John Lee is a cofounder of Precision Prosthetic.  Mr. Lee handled petitioner's day-to-day operations until he was called to active military duty in November 2001.  Petitioner continued operating in Mr. Lee's absence, but it failed to keep up with its tax obligations.

In or around October 2005 Internal Revenue Service (IRS) Revenue Officer Alex Garcia contacted petitioner's office manager, Lisa Loza, regarding its outstanding tax liabilities.  Revenue Officer Garcia informed Ms. Loza that petitioner needed to file:  (1) Form 941, Employer's Quarterly Federal Tax Return, for the quarters ending September 30, 1999, through March 31, 2005; (2) Form 1120, U.S. Corporation Income Tax Return, for 2000 through 2004; and (3) Form

---

[1](...continued)
Revenue Code in effect at all relevant times.  All amounts are rounded to the nearest dollar.

[*3] 940, Employer's Annual Federal Unemployment Tax Return, for 1999 through 2004. Ms. Loza, fearful that the IRS would shut down petitioner, quickly prepared and filed the delinquent returns with the assistance of Revenue Officer Garcia. On February 3, 2006, petitioner filed Form 941 for the period ending December 31, 2005. Revenue Officer Garcia also assisted Ms. Loza in preparing this return. Petitioner fully paid the tax shown as due on the return with Federal tax deposits on September 1, November 21, and December 22, 2005, and payments on February 8, April 17, and July 3, 2006.

Sometime after returning from active duty in May 2007, Mr. Lee reviewed the Forms 941 filed in his absence and determined that they were incorrect. Mr. Lee filed several amended returns; some of the amended returns were accepted by the IRS and some were not. In particular, on April 2, 2010, petitioner filed Form 941-X, Adjusted Employer's Quarterly Federal Tax Return or Claim for Refund, for the quarter ending December 31, 2005, claiming a $12,683 credit. The IRS did not accept this return.

On March 1, March 11, and August 23, 2010, the IRS sent petitioner three Letters 1058, Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing, concerning its unpaid civil penalty liability for 2004, unpaid

[*4] unemployment tax liabilities for 2005 and 2008, unpaid income tax liability for 2008, and unpaid employment tax liabilities for the quarters ending:

| Mar. 31 | June 30 | Sept. 30 | Dec. 31 |
|---------|---------|----------|---------|
| 2004 | 2004 | 2004 | 2004 |
| --- | 2005 | 2005 | --- |
| --- | --- | 2006 | 2006 |
| 2007 | 2007 | 2007 | 2007 |
| 2008 | 2008 | 2008 | 2008 |
| 2009 | 2009 | 2009 | 2009 |

In response, petitioner timely requested a collection due process (CDP) hearing.

On July 26, 2011, Mr. Lee requested that the failure to file, failure to pay, and failure to deposit additions to tax assessed against petitioner be abated and that the IRS Office of Appeals (Appeals) accept amended Forms 941 for the quarters ending June 30, September 30, and December 31, 2005. Appeals Settlement Officer Bruce Hadzega instructed petitioner to provide a written request to abate the penalties and provide Forms 941c, Supporting Statement to Correct Information, in order to adjust the Forms 941 for 2005. On August 3, 2011, Settlement Officer Hadzega held a telephone conference with Mr. Lee.[2]

_____

[2] Settlement Officer Hadzega and Mr. Lee had previously held a telephone conference on October 28, 2010, regarding petitioner's employment tax liabilities

(continued...)

[*5] During the hearing Mr. Lee stated that he did not wish to discuss collection alternatives, and Settlement Officer Hadzega explained the procedures for requesting abatement of additions to tax.  It is unclear whether petitioner's Forms 941 for 2005 were discussed during the hearing.  Settlement Officer Hadzega gave petitioner until August 5, 2011, to provide the necessary information regarding its request to abate the additions to tax.  Petitioner did not provide the necessary information, and its request for abatement was denied.  Appeals also did not process petitioner's Form 941 for the period ending December 31, 2005, and thus did not apply the claimed $12,683 overpayment towards its outstanding employment tax liabilities.[3]  On September 22, 2011, the IRS issued to petitioner two Notices of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining the proposed levies.

---

[2](...continued)
for the 2004 quarters.  Following the hearing Settlement Officer Hadzega processed petitioner's amended Forms 941 for 2004 and credited any overpayments to subsequent tax periods.

[3]  Appeals also did not process petitioner's amended Forms 941 for the periods ending June 30 and September 30, 2005, but it does not dispute that decision.

**[*6]**                              OPINION

Section 6330 provides that no levy may be made on any property or right to property of a person unless the Commissioner first notifies such person in writing of the right to a hearing before Appeals.  Sec. 6330(a).  At the hearing, the taxpayer may raise any relevant issue relating to the unpaid tax or the proposed levy, including appropriate spousal defenses, challenges to the appropriateness of collection actions, and offers of collection alternatives.  Sec. 6330(c)(2)(A); Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 180 (2000).  A taxpayer may contest the existence or amount of the underlying tax liability if the taxpayer did not receive a statutory notice of deficiency for the tax liability in question or did not otherwise have an earlier opportunity to dispute the tax liability.  Sec. 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. at 609. Following a hearing, Appeals must make a determination whether the Commissioner may proceed with the proposed collection action.  We have jurisdiction to review Appeals' determination.  Sec. 6330(d)(1); see sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs. ("[T]he taxpayer can only ask the court to consider an issue * * * that was properly raised in the taxpayer's CDP hearing.").

**[*7]** Where the underlying tax liability is properly at issue, we review that determination de novo. Goza v. Commissioner, 114 T.C. at 181-182. Where the underlying tax liability is not at issue, we review the determination for abuse of discretion. Id. at 182. This Court will find an abuse of discretion has occurred in collection due process cases where the Commissioner exercised his discretion arbitrarily, capriciously, or without sound basis in fact or law. See Giamelli v. Commissioner, 129 T.C. 107, 111 (2007). The Court of Appeals for the Fifth Circuit, to which this case is appealable absent a stipulation to the contrary, see sec. 7482(b)(1)(A), (2), has adopted a similar test for whether an abuse of discretion has occurred. Christopher Cross, Inc. v. United States, 461 F.3d 610, 612 (5th Cir. 2006) (defining an abuse of discretion as "clear taxpayer abuse and unfairness by the IRS"); see Burnett v. Commissioner, 227 Fed. Appx. 342, 343 (5th Cir. 2007) (citing Christopher Cross and stating that the court is "applying the same abuse-of-discretion standard as the Tax Court").

The Tax Court is a court of limited jurisdiction; we may exercise jurisdiction only to the extent expressly authorized by Congress. Sec. 7442; see also Henry Randolph Consulting v. Commissioner, 112 T.C. 1, 4 (1999). Under section 6330(d)(1), we have jurisdiction over the determination made by Appeals,

**[*8]** and our jurisdiction is defined by the scope of that determination. Freije v.

Commissioner, 125 T.C. 14, 25 (2005).

Petitioner claims that it overpaid its employment tax liability for the quarter

ending December 31, 2005, and the resulting credit should be applied to its

outstanding employment tax liabilities. However, under Weber v. Commissioner,

138 T.C. 348 (2012), we lack jurisdiction in a CDP case to determine an

overpayment of an unrelated liability. In Weber, the Court explained when it has

jurisdiction to determine whether credits arising in nondetermination years reduce or

offset the tax liability at issue in a CDP case:

> An overpayment of a * * * [tax liability] that has been
> determined by the IRS or a court but has not been either refunded or
> applied to another liability may be an "available credit" that, under
> Freije, could be taken into account in a CDP hearing to determine
> whether the tax at issue remains "unpaid" and whether the IRS can
> proceed with collection. But a mere claim of an overpayment is not an
> "available credit" but is instead a claim for a credit; and such a claim
> need not be resolved before the IRS can proceed with collection of the
> liability at issue. * * *

Id. at 371-372; see Freije v. Commissioner, 125 T.C. at 28 ("[O]ur jurisdiction

under section 6330(d)(1)(A) extends to the consideration of facts and issues in a

**[\*9]** nondetermination year only insofar as the tax liability for that year may affect the appropriateness of the collection action for the determination year.").[4]

Thus, the Court can consider only nonrefunded or not yet applied "available" credits arising in nondetermination years when determining whether a tax liability at issue has been reduced or eliminated. See Everett Assocs., Inc. v. Commissioner, T.C. Memo. 2012-143. When it has not already been determined that a credit is available, the Court lacks jurisdiction to "make available a credit that is currently not available because the IRS disallowed it." Weber v. Commissioner, 138 T.C. at 368; see also Everett Assocs., Inc. v. Commissioner, T.C. Memo. 2012-143 ("[U]ntil the credit has fully materialized, the taxpayer merely asserts a claim for credit which is beyond the scope of our jurisdiction in a CDP case.").

Because it has not been determined that petitioner overpaid its employment tax liability for the quarter ending December 31, 2005, petitioner does not have an available credit for that period; instead, it merely has a claim of an overpayment, which is disputed by the IRS. The Court lacks jurisdiction to determine whether

---

[4] Subsec. (d)(1)(A) was eliminated by the Pension Protection Act of 2006, Pub. L. No. 109-280, sec. 855(a), 120 Stat. at 1019, for determinations made after the date which is 60 days after August 17, 2006. The jurisdiction granted to the Court by subsec. (d)(1)(A) is now granted to the Court by sec. 6330(d)(1). See supra pp. 7-8.

**[\*10]** petitioner overpaid its employment tax liability for periods not subject to the notice of determination. See Weber v. Commissioner, 138 T.C. at 369 (stating that the Court lacks jurisdiction "to adjudicate a disputed refund claim that is unrelated to the liability the IRS proposes to collect"); Everett Assocs., Inc. v. Commissioner, T.C. Memo. 2012-143 (stating that the Court lacks jurisdiction to "consider, de novo, the entirety of petitioner's tax liability for the nondetermination period").

However, even if we had jurisdiction, petitioner would not be entitled to an overpayment credit for the period ending December 31, 2005, because it has failed to meet the threshold requirements for claiming a refund.[5] Petitioner has failed to meet the threshold requirement that the claim be timely filed. See sec. 6511. Under section 6511(a), a claim for credit or refund of overpayments ordinarily must be filed within three years from the time the return was filed or two years from the time the tax was paid, whichever is later. Petitioner is deemed to have

---

[5] As a preliminary inquiry, Weber v. Commissioner, 138 T.C. 348, 363-364 (2012), determined that the taxpayer had met the threshold requirements for claiming a refund. See also Everett Assocs., Inc. v. Commissioner, T.C. Memo. 2012-143 (assuming that the taxpayer made a valid refund claim when determining that the Court lacked jurisdiction to consider the taxpayer's claim of overpayment credit).

[*11] filed its Form 941 for the period ending December 31, 2005, on April 15, 2006,[6] and made its last tax payment on July 3, 2006. Petitioner did not file its claim for credit until April 2, 2010. Therefore, petitioner's purported overpayment for the quarter ending December 31, 2005, is not allowable as a credit or refund because the claim for credit was not filed within three years of April 15, 2006, or two years of July 3, 2006.

Appeals did not abuse its discretion in determining to proceed with levies to collect petitioner's unpaid tax liabilities, notwithstanding petitioner's contention that its employment tax liability for the period ending December 31, 2005, was overpaid. Petitioner has not advanced any other argument or introduced any other evidence that would allow us to conclude that the determinations to sustain the proposed levies constituted clear taxpayer abuse and unfairness by the IRS. Petitioner did not request that Settlement Officer Hadzega consider collection alternatives, and it failed to provide the information requested. Appeals determined that the requirements of applicable law and administrative procedure were met and concluded that sustaining the proposed levies appropriately balanced the need for efficient collection of taxes with petitioner's concerns regarding the

---

[6] Petitioner filed its Form 941 on February 3, 2006. Under sec. 6513(c)(1), petitioner's Form 941 is deemed filed on April 15, 2006.

**[\*12]** intrusiveness of the levy actions. Therefore, we hold that Appeals did not abuse its discretion when it issued notices of determination upholding the proposed levy actions.

In reaching our holdings, we have considered all arguments made, and to the extent not mentioned, we consider them irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decisions will be entered</u>

<u>for respondent</u>.