# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 24, 2021

Lyle W. Cayce
Clerk

No. 20-60009
Summary Calendar

Kevin Province,

*Petitioner—Appellant*,

*versus*

Commissioner of Internal Revenue,

*Respondent—Appellee*.

Appeal from the United States Tax Court
No. 12354-18 L

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.
Per Curiam:[*]

Kevin Province failed to file a 2012 federal income tax return. When the IRS discovered this, it created a substitute return on his behalf and mailed him a deficiency notice. Compounding his failure to file in the first place, Province refused to participate in his collection due process ("CDP") hearing.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60009

To obscure these simple facts, Province asks this court to invalidate the decisions of the Commissioner of Internal Revenue and the United States Tax Court because, according to him, he never received the mailing from the Commissioner that set this whole case in motion. But Province is betrayed by the record of his appeal. He was not deprived of his right to due process; he simply failed to participate when he had the chance to do so.

After identifying Province's failure to file a 2012 return, the Commissioner prepared a substitute return and mailed him the deficiency. Province claims he never received that deficiency notice, nor the specific charge that he needed to rebut. Although the Commissioner's records show that the deficiency was sent to Province by certified mail in 2015, he says his first notice was a Notice of Intent to Levy in 2017. But the notice statute requires only that the IRS mail notice "to the taxpayer at his last known address." 26 U.S.C. § 6212(a), (b)(1); *see Terrell v. Comm'r*, 625 F.3d 254, 259 (5th Cir. 2010); *Williams v. Comm'r*, 795 F. App'x 920, 924–25 (5th Cir. 2019). The IRS did so: it mailed the notice to Province's mailing address, which remains unchanged to this day.

Regardless, Province cannot dispute that he corresponded with an Appeals Officer several times in 2017–2018, or that he declined to participate in the agency decision he now challenges. For instance, he refused to participate in a telephonic CDP hearing because he demanded a live audience. That argument finds no purchase here. "As we have recognized and as Treasury regulations make clear, CDP hearings are valid and satisfy the demands of due process if conducted by telephone or correspondence instead of face-to-face . . . ." *Burnett v. Comm'r*, 227 F. App'x 342, 343 (5th Cir. 2007); *see* 26 C.F.R. § 301.6330–1(d)(2) Q&A–D6. Province also failed to provide the Appeals Officer with any of the requested documents that could have influenced a decision in his favor, such as a signed 2012 tax return,

returns from tax years 2013 through 2016, proof of estimated tax payments for 2017, or a plan for alternatives to collection.

Even after Province declined to participate in his telephonic hearing or submit any documentation whatsoever, the Appeals Officer offered him another 14 days in which to submit matters for her consideration. Province responded, but only to renew his demand for a face-to-face meeting. In other words, he has pinned all his hopes to a due-process argument that we, the Tax Court, and the Commissioner have rejected.

Province asks this court to ignore his decisions and our precedent, claiming that the Commissioner never gave him notice of what the dispute was about. But Province had notice at least as early as December 2017; he responded in January 2018 with a request for a hearing. His refusal to participate in the telephonic hearing does not expose a failure of due process, it merely reveals his lack of participation. *Williams*, 795 F. App'x at 926. Absent some procedural irregularity, he cannot complain after the fact that the Appeals Officer's decision was arbitrary and capricious when he declined the opportunity to timely submit material. *Cf. Burnett*, 227 F. App'x at 345 (Taxpayer "was provided an opportunity for a CDP hearing to discuss non-frivolous issues pertaining to the levy. She failed to take advantage of that opportunity and has engaged in dilatory conduct to postpone collection.").

The Tax Court carefully reviewed the record, including the arguments Province makes here. It sustained the Commissioner's Notice of Intent to Levy and entered summary judgment for the Commissioner. We have reviewed the Tax Court's legal judgments de novo and the Commissioner's administrative decisions for abuse of discretion. *Estate of Duncan v. Comm'r*, 890 F.3d 192, 197 (5th Cir. 2018). Finding no error, the judgment is AFFIRMED.