T.C. Memo. 2003-133


UNITED STATES TAX COURT


ALEX B. RHODES, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11158-01.                    Filed May 8, 2003.


Alex B. Rhodes, Jr., pro se.

<u>Douglas R. Fortney</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

SWIFT, <u>Judge</u>:  Respondent determined deficiencies in petitioner's Federal income tax and additions to tax for 1998 and 1999 as follows:

| | | Additions to Tax | | |
|---|---|---|---|---|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654(a) |
| 1998 | $29,644 | $6,143 | $3,549* | $1,227 |
| 1999 | 29,545 | 6,191 | 2,064** | 1,311 |

     \* As determined by respondent through June 3, 2001.
   \*\* As determined by respondent through July 29, 2001.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions, the primary issues for decision are as follows:

(1) Whether wage and investment income received by petitioner constitutes taxable income;

(2) Whether petitioner is entitled to business expense deductions for which petitioner would have been reimbursed by his employer had petitioner requested reimbursement; and

(3) Whether petitioner is liable for additions to tax under sections 6651(a)(1), 6651(a)(2), and 6654(a) for the failure to file Federal income tax returns, for the failure to pay Federal income tax, and for the failure to pay estimated Federal income tax.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

At the time the petition was filed, petitioner resided in Plano, Texas.

During 1998 and 1999, petitioner resided in Texas and received wage income for employment with various companies as an information systems consultant, a technical computer consultant, and an "internetwork" engineer. Petitioner also earned investment income.

For 1998 and 1999 respectively, petitioner earned income from both wages and investments in the total amounts of $110,138 and $110,826. In 1998 and 1999, petitioner submitted to his employers Forms W-4, Employee's Withholding Allowance Certificate, on which petitioner claimed to be "Exempt" from Federal income tax. As a result, for 1998 no Federal income tax was withheld from petitioner's wages, and for 1999 only $354 was withheld.

During 1998 and 1999 respectively, petitioner incurred employee business expenses in the amounts of $4,629 and $4,725. Although available to him, petitioner did not request reimbursement of these expenses from his employers.

For 1997, 1998, and 1999, petitioner did not file Federal income tax returns. Other than the above $354 withheld from

petitioner's wages for 1999, petitioner paid no Federal income tax for 1998 and 1999.

OPINION

Petitioner claims that his income from wages and investments does not constitute taxable income. Petitioner misreads case law, statutory language, and related Treasury regulations. Petitioner's arguments are frivolous. See Takaba v. Commissioner, 119 T.C. 285 (2002); Williams v. Commissioner, 114 T.C. 136 (2000).

As stated in Williams v. Commissioner, supra, "we shall not painstakingly address petitioner's assertions 'with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit.'" Id. at 139 (quoting Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984), affg. per curiam an order of this Court).

We conclude that the wage and investment income that petitioner received during 1998 and 1999 is includable in petitioner's taxable income. See sec. 61(a).

Section 162(a) generally provides taxpayers with deductions for ordinary and necessary business expenses. Where taxpayers would have been reimbursed by their employers for business expenses incurred, but where they failed to receive reimbursement because they failed to request reimbursement, the expenses will not be considered "necessary" and will not be deductible. Orvis

v. Commissioner, 788 F.2d 1406, 1408 (9th Cir. 1986), affg. T.C. Memo. 1984-533; Kennelly v. Commissioner, 56 T.C. 936, 943 (1971), affd. 29 AFTR 2d 72-855, 72-1 USTC par. 9348 (2d Cir. 1972).

Due to petitioner's failure to request available reimbursement for his employee business expenses, petitioner is not entitled to deduct them. See Orvis v. Commissioner, supra at 1408; Kennelly v. Commissioner, supra at 943.

Petitioner is liable for the deficiencies in income tax determined by respondent for the years in issue.

Petitioner's argument that he failed to file Federal income tax returns and to pay tax for the years in issue because of his purported belief that wage and investment income does not constitute taxable income is frivolous. Petitioner has offered no credible evidence showing that his failure to file Federal income tax returns and to pay estimated tax was due to reasonable cause. We sustain respondent's determination of the section 6651(a)(1) addition to tax and the section 6654(a) addition to tax.

Under section 6651(a)(2), an addition to tax may be imposed on a taxpayer for failure to pay any Federal income tax reflected as due on a tax return. Petitioner failed to file Federal income tax returns for the years in issue, and respondent has not asserted that respondent prepared substitute tax returns for

those years.  See sec. 6651(g)(2).  Accordingly, petitioner is not to be treated as having failed to pay a tax reflected on tax returns for the years in issue.  Petitioner is not liable for an addition to tax under section 6651(a)(2).  See <u>Cabirac v. Commissioner</u>, 120 T.C. ___ (2003), and sec. 7491(c), which places the burden of production on respondent with regard to additions to tax.

Because of petitioner's frivolous arguments herein, we shall impose on petitioner under section 6673(a)(1)(B) a penalty equal to $2,000.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.