United States Court of Appeals
Fifth Circuit

**F I L E D**

October 4, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 04-61161
Summary Calendar**

_____

**ALEX B. RHODES, Jr.,**

**Petitioner-Appellant,**

**versus**

**COMMISSIONER OF INTERNAL REVENUE**

**Respondent-Appellee,**

_____

Appeal from the United States Tax Court
United States Tax Court Docket Number 11158-01

_____

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Alex B. Rhodes, Jr. pro se appeals the United States Tax Court's judgment for the Commissioner of Internal Revenue and accompanying order that Rhodes pay an income tax deficiency of $27,928.00 for 1998 and $28,547.00 for 1999; an additional tax of $6,982.00 for 1998 and $7,048.25 for 1999 for failure to file a tax return under 26 U.S.C. § 6651(a)(1); an additional tax of $1,277.94 for 1998 and $1,362.51 for 1999 for underpayment of estimated tax

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under 26 U.S.C. § 6654; and a penalty of $2,000.00 for the filing of a frivolous petition under 26 U.S.C. § 6673(a)(1)(B). We AFFIRM. The Commissioner moves for damages of $6,000.00 pursuant to 28 U.S.C. § 1912 and FED. R. APP. P. 38. Rhodes in turn moves for sanctions against Commissioner in the amount of $8,000.00 pursuant to 28 U.S.C. § 1912 and FED. R. APP. P. 38. We AFFIRM the judgment of the Tax Court, GRANT the motion of the Commissioner and DENY the motion of Rhodes.

## I. BACKGROUND

In 1998 and 1999, Rhodes, a U.S. citizen, resided in Texas and received wage income from various consulting and engineering jobs. Including investment income, Rhodes earned $110,138 in 1998 and $110,826 in 1999. In both years, however, Rhodes claimed to be exempt from federal income tax on the W-4 forms he submitted to employers. As a result, no federal income tax was withheld from Rhodes's wages in 1998 and 1999, and Rhodes did not file federal income tax returns for either year.

## II. ISSUES

As an initial matter, Rhodes claims that he cannot be found in deficiency without there first being an assessment against him. Second, Rhodes claims that he owed no tax for 1998 and 1999 because wages paid to American citizens within the United States are not taxable income, nor are such wages income in the "constitutional sense." Third, Rhodes claims that additional taxes against him are

inappropriate, as he was within statutory exceptions to liability. These arguments are contrary to established law and are without merit.

## III. DISCUSSION

### A. Issues on Appeal

We review the factual findings of the Tax Court for clear error, and its conclusions of law de novo. Cook v. Comm'r., 349 F.3d 850, 853 (5th Cir. 2003).

Rhodes first contends that an assessment must precede deficiency. This court has reached the opposite conclusion. State Farm Life Ins. Co. v. Swift, 129 F.3d 792, 800 n.41 (5th Cir. 1997)("An assessment is not a prerequisite to tax liability.") (quoting Moran v. United States, 63 F.3d 663, 666 (7th Cir. 1995). That the Commissioner had not made an assessment against Rhodes does not preclude a deficiency finding.

The claim that wages and investment income are somehow exempt from federal taxation is a tired one, and has been repeatedly rejected. In Lonsdale v. Comm'r., 661 F.2d 71, 72 (5th Cir. 1981), this court labeled such claims "meritless," "stale," and "long settled." See also Capps v. Eggers, 782 F.2d 1341, 1343 (5th Cir. 1986)(such a claim is "manifestly and patently frivolous"). The Constitution grants Congress the power to tax "incomes. . . from whatever source derived . . . ." U.S. CONST. AMEND. XVI. The federal income tax is to be imposed upon every

citizen and resident of the United States. 26 U.S.C. § 1. Taxable income is gross income less allowable deductions. 26 U.S.C. § 63(a). For tax purposes, gross income is "all income from whatever source derived." 26 U.S.C. § 61(a). Indeed, "Congress supplied no limitations as to the source of taxable receipts." Comm'r. v. Glenshaw Glass Co., 348 U.S. 426, 431, 75 S.Ct. 473 (1955). Wages and investment income are unquestionably part of Rhodes's taxable income, and the Tax Court's finding of deficiency was proper.

The assessment of additional taxes against Rhodes was similarly proper. An additional tax may be imposed for failure to file a return, 26 U.S.C. § 6651(a)(1), and an additional tax may also be assessed for underpayment of estimated tax. 26 U.S.C. § 6654(a). Under 26 U.S.C. § 7491(c), the Commissioner bears the burden of proof for showing that additional taxes are appropriate. Here, that burden is easily met, as Rhodes concedes that he did not file a tax return for 1998 or 1999, and that with the exception of $354 withheld in 1999, he made no tax payments in either year. In response to the Commissioner, Rhodes produces no evidence beyond his misguided interpretation of U.S. tax law, and therefore cannot demonstrate reasonable cause for his actions. Rhodes's reliance on frivolous legal claims does not excuse his failure to file a tax return. Brittingham v. Comm'r., 66 T.C. 373, 415 (1976), aff'd 598 F.2d 1375 (5th Cir. 1979). He further offers no credible evidence that he falls within the exceptions to 26 U.S.C. §§ 6651, 6654. As there is no clear error

by the Tax Court, its assessment of additions was appropriate in both instances.

The Tax Court's imposition of a $2,000 penalty against Rhodes under 26 U.S.C. § 6673 is reviewed for abuse of discretion. Sandvall v. Comm'r., 898 F.2d 455, 459 (5th Cir. 1990). A claim is "frivolous" under 26 U.S.C. § 6673(a)(1)(B) if "it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Comm'r., 791 F.2d 68, 71 (7th Cir. 1986). Rhodes's case is based upon frivolous claims that are contrary to relevant statutes and case law, and Rhodes has continued to assert these claims even after being made aware of their frivolousness on several occasions. In light of the waste of court resources caused by Rhodes, a $2,000 penalty was certainly within the Tax Court's discretion.

**B.   Motions**

Commissioner now seeks sanctions against Rhodes for his frivolous appeal. This court may impose "just damages and single or double costs to the appellee." FED. R. APP. P. 38. Damages are appropriate when an "appeal is baseless, presents no colorable claim of error, and raises repeatedly rejected contentions." Knoblauch v. Comm'r., 749 F.2d 200, 202 (5th Cir. 1984). Similarly, this court may award "just damages...and single or double costs" for delay caused by appeal. 28 U.S.C. § 1912. Rhodes's appeal is founded upon the repeatedly rejected contentions

that wages are not taxable and that assessment is required prior to deficiency. He offers no colorable claim of error. In spite of being told throughout his trial that his claims were frivolous, and being sanctioned by the Tax Court, Rhodes nevertheless brought this appeal, recycling the same frivolous arguments. A lump sum sanction is appropriate in this case, <u>Parker v. Comm'r.</u>, 117 F.3d. 785, 787 (5th Cir. 1997), and $6,000.00 is a reasonable amount.

Rhodes's cross motion for sanctions against the Tax Court and Commissioner is impermissible under FED. R. APP. P. 38 and 28 U.S.C. § 1912, as he is the party appealing the judgment of the Tax Court. It should be further noted that Commissioner, unlike Rhodes, raised valid legal arguments at trial, and thus Rhodes is without support for sanctions.

## CONCLUSION

For the foregoing reasons, the decision of the tax court is AFFIRMED, Commissioner's motion for damages under Fed. R. App. P. 38 is GRANTED, and Rhodes's motion for sanctions is DENIED.