T.C. Memo. 2007-206

UNITED STATES TAX COURT

ALEX B. RHODES, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7844-05.                    Filed July 30, 2007.

Alex B. Rhodes, Jr., pro se.

<u>Alvin A. Ohm</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  Respondent determined deficiencies in
petitioner's Federal income taxes for 2000, 2001, 2002, and 2003
(years at issue) of $24,351, $24,222, $25,608, and $26,426, as
well as additions to tax under section 6651(a)(1) of $6,073,

$6,045, $6,248, and $6,465, and under section 6654(a) of $1,297, $966, $833, and $675, respectively.[1]

After concessions,[2] the issues for decision are: (1) Whether petitioner received taxable income for the years at issue; (2) whether petitioner is liable for the additional tax under section 72(t) for early distributions from retirement plans; (3) whether petitioner is liable for additions to tax under section 6651(a)(1) for the years at issue; (4) whether petitioner is liable for additions to tax under section 6654(a) for the years at issue; and (5) whether the Court should impose a penalty against petitioner under section 6673(a).

### FINDINGS OF FACT

Some of the facts have been deemed stipulated pursuant to Rule 91(f) and are so found.[3] The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Plano, Texas, when he filed the petition.

At the time of trial, petitioner was 42 years old. During the years at issue, petitioner was employed with various

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Respondent concedes that petitioner did not receive capital gain income of $164 from the American Express Certificate Co. and a taxable distribution of $642 from the American Express Trust Co. in 2000.

[3] Proposed stipulations of fact were deemed established by the Court's order on Feb. 27, 2006.

companies as a data communication network designer and engineer. For each year at issue, petitioner gave his employers Forms W-4, Employee's Withholding Allowance Certificate, certifying he was exempt from Federal income tax withholding.

Petitioner did not file a Federal income tax return for 2000. Using third-party-payor information, respondent determined that in 2000 petitioner received: (1) Wage income of $12,733, $10,595, $4,716, $44,250, $14,271, and $9,279, from Metro Information Services, Ajilon LLC, Texas Temp Limited Partnership (Texas Temp),[4] MBNA Hallmark Information Services (MBNA), SCB Computer Technology, Inc., and CCC, Inc., respectively; (2) capital gain income of $412 and $164 from AXP Blue Chip Advantage Fund (AXP) and American Express, respectively; and (3) a taxable distribution of $295 from his individual retirement account with Federal Savings Bank. Petitioner failed to make estimated tax payments, other than tax withheld of $59 by Federal Savings Bank. Respondent determined petitioner was liable for the additional tax of 10 percent on the distribution from Federal Savings Bank pursuant to section 72(t) because it was an early distribution from a qualified retirement plan.

---

[4] On Feb. 10, 2006, petitioner filed with the Court Petitioner's Reply to Respondent's Reply to Petitioner's Response to Order to Show Cause, in which he asserted that he had never provided services for Texas Temp.

Petitioner did not file a Federal income tax return for 2001. Using third-party-payor information, respondent determined that in 2001 petitioner received wage income of $99,949 from MBNA and capital gain income of $73 from AXP. Petitioner failed to make estimated tax payments, other than tax of $43 withheld by MBNA.

Petitioner did not file a Federal income tax return for 2002. Using third-party-payor information, respondent determined that in 2002 petitioner received wage income of $99,771 from MBNA Technology, Inc. (MBNA Technology), capital gain income of $456 from MBNA Corp., and a taxable distribution of $4,449 from MBNA Corp. 401K Plus Savings Plan (MBNA Corp. 401K). Petitioner failed to make estimated tax payments, other than tax withheld by MBNA Corp. 401K of $615. Respondent determined petitioner was liable for the additional tax of 10 percent on the distribution from MBNA Corp. 401K pursuant to section 72(t) because it was an early distribution from a qualified retirement plan.

Respondent received petitioner's Form 1040, U.S. Individual Income Tax Return, for 2003 (2003 return) on February 3, 2004. The 2003 return showed zeros on lines 7 through 22, zero adjusted gross income (line 33), zeros on lines 35 through 43, zeros on lines 53 through 59, zero total tax, Federal income tax withholding of $569, and a claimed refund of $569. Under Rule

91(f), it was deemed stipulated that petitioner failed to file a Federal income tax return for 2003.

Petitioner attached to the 2003 return: (1) A Form W-2, Wage and Tax Statement, reporting that petitioner received $109,395 in wages from MBNA Technology and had $21 of Federal income tax withheld; (2) a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., reporting that petitioner received $4,687 from MBNA Corp. 401K and had $548 of Federal income tax withheld; and (3) a letter which stated "he had no 'income' in a 'constitutional sense' as the word 'income' is used in Section 61 of the Internal Revenue Code" and other frivolous tax-protester arguments. Petitioner failed to make estimated tax payments for 2003, other than the tax withheld of $569. Respondent determined petitioner was liable for the additional tax of 10 percent on the distribution from MBNA Corp. 401K pursuant to section 72(t) because it was an early distribution from a qualified retirement plan.

On July 2, 2004, respondent mailed petitioner a letter indicating respondent would not accept petitioner's 2003 return and requesting him to file a proper return. In response, by letter dated July 29, 2004, petitioner asserted that under the Sixteenth Amendment to the U.S. Constitution, wages, salary, and

compensation for services are not taxable income unless apportioned, and other frivolous arguments.

On October 5, 2004, respondent mailed petitioner a letter for each year at issue requesting that petitioner explain his failure to file income tax returns for the years at issue and that he provide respondent with any relevant information petitioner wanted respondent to consider in determining petitioner's tax liability.  In response, by letter dated November 24, 2004, petitioner again raised frivolous arguments asserting he was not required under the Constitution to file a return or pay Federal income tax.

On February 2, 2005, respondent mailed notices of deficiency to petitioner for the years at issue.  Petitioner timely filed a petition on April 29, 2005, in which he raised only frivolous arguments.

On August 31, 2006, petitioner filed a motion for summary judgment in which he asserted only tax-protester arguments.  On September 5, 2006, this Court denied petitioner's motion and found "Petitioner failed to even assert, let alone demonstrate, that no genuine issues exist as to any material fact".

This Court also found in its September 5, 2006, order:

> Petitioner has previously been a litigant in this Court, and based on his frivolous arguments, the Court imposed a penalty on petitioner of $2,000 under section 6673(a)(1).  See Rhodes v. Commissioner, T.C. Memo. 2003-133; affd. 152 Fed. Appx. 340 (5th Cir. 2005).  In the above-docketed case, the Court has warned

petitioner on six occasions of the possibility of imposing a penalty under section 6673(a)(1) if he continues to advance frivolous arguments. See Orders dated Nov. 14, 2005; Feb. 8, 2006; Feb. 27, 2006; Mar. 23, 2006; May 30, 2006; and Jul. 11, 2006. For the seventh time, the Court warns petitioner that it will impose a penalty of up to $25,000 under section 6673(a)(1) if he continues to advance frivolous arguments.

At trial, the Court warned petitioner on numerous occasions that the arguments he was making have been deemed frivolous by the Court and it has imposed penalties under section 6673 against taxpayers who raise such arguments. Despite the Court's warnings, petitioner continued with the frivolous and groundless arguments at trial.

OPINION

A.  Petitioner's Federal Income Tax Deficiencies

Throughout this case, petitioner presented tax-protester arguments to assert he was not liable for Federal income tax deficiencies as determined in the notices of deficiency for the years at issue, including:  (1) He is not a taxpayer; (2) respondent has no jurisdiction over him; (3) his wages did not constitute gross income; and (4) respondent lacks authority to assert income tax deficiencies.  Petitioner's assertions have been rejected by this Court and other courts, and "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."  Crain  v. Commissioner,

737 F.2d 1417, 1417 (5th Cir. 1984); see <u>Stelly v. Commissioner</u>, 761 F.2d 1113, 1115 (5th Cir. 1985) ("It is clear beyond peradventure that the income tax on wages is constitutional"); <u>United States v. Romero</u>, 640 F.2d 1014, 1016 (9th Cir. 1981) (compensation for labor or services, paid in the form of wages or salary, has been universally held by the courts of this republic to be income, subject to the income tax laws currently applicable); <u>Wetzel v. Commissioner</u>, T.C. Memo. 2005-211 (rejecting as frivolous the argument that the taxpayer was not a taxpayer); <u>Nunn v. Commissioner</u>, T.C. Memo. 2002-250 (rejecting as without merit the argument that the Commissioner had no jurisdiction over the taxpayer or his documents). The Court rejects petitioner's tax-protester arguments as frivolous and without merit.

Section 61(a) defines gross income for purposes of calculating taxable income as "all income from whatever source derived". Section 1 imposes a tax on individuals for taxable income received. The liability for the payment of the income tax is on the individual earning the income. <u>Lucas v. Earl</u>, 281 U.S. 111, 114-115 (1930).

Respondent determined that in the years at issue petitioner received and failed to report gross income in the form of wages, capital gains, and distributions from qualified retirement plans. Respondent also determined petitioner failed to file Federal

income tax returns for the years at issue and make estimated tax payments, other than the tax withheld.

Generally, the taxpayer has the burden of proving the Commissioner's determinations are in error. Rule 142(a). The Court of Appeals for the Fifth Circuit, the Circuit in which appeal in this case would lie, has held that in unreported income cases "The Commissioner has no duty to investigate a third-party payment report that is not disputed by the taxpayer." Parker v. Commissioner, 117 F.3d 785, 787 (5th Cir. 1997); Andrews v. Commissioner, T.C. Memo. 1998-316. Generally, a third-party payment report is not in dispute unless the taxpayer files a Form 1040 or other sworn document denying receipt of unreported income. Parker v. Commissioner, supra at 787; Spurlock v. Commissioner, T.C. Memo. 2003-248; Andrews v. Commissioner, supra.

Petitioner received from third-party payors: (1) In 2000, wage income of $12,733, $10,595, $44,250, $14,271, and $9,279, from Metro Information Services, Ajilon LLC, MBNA, SCB Computer Technology, Inc., and CCC, Inc., respectively, capital gain income of $412 and $164 from AXP and American Express, respectively, and a taxable distribution of $295 from Federal Savings Bank; (2) in 2001, wage income of $99,949 from MBNA and capital gain income of $73 from AXP; (3) in 2002, wage income of $99,771 from MBNA Technology, Inc., capital gain income of $456

from MBNA Corp., and a taxable distribution of $4,449 from MBNA Corp. 401K; and (4) in 2003, wage income of $109,395 from MBNA Technology and a taxable distribution of $4,687 from MBNA Corp. 401K.

Although petitioner disputed receiving $4,716 from Texas Temp, the Court finds that petitioner's testimony is not credible.  Moreover, petitioner failed to cooperate with respondent in the preparation of this case.  See sec. 6201(d). For the foregoing reasons, the Court finds petitioner received $4,716 of wage income from Texas Temp in 2000.

Respondent also determined that the taxable distributions petitioner received from the Federal Savings Bank in 2000 of $295 and from the MBNA Corp. 401K in 2002 and 2003 of $4,449 and $4,687, respectively, were early distributions from qualified retirement plans pursuant to section 72(t)(1).  As a result, petitioner was liable for the 10-percent additional tax on the distributions he received from these plans.  Petitioner does not dispute that the distributions were from qualified retirement plans pursuant to section 72(t).  Petitioner also does not argue, and the record is devoid of any evidence which would indicate, that he is qualified for any exception to section 72(t).  For the foregoing reasons, the Court finds that petitioner is liable for the 10-percent additional tax on the early distributions from his qualified retirement plans in 2000, 2002, and 2003.

B.    Additions to Tax

1.    Burdens of Production and Proof

Respondent bears the burden of production with respect to petitioner's liability for the additions to tax.  See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). To meet his burden of production, respondent must come forward with sufficient evidence indicating it is appropriate to impose the additions to tax.  See Higbee v. Commissioner, supra at 446-447.  Once respondent meets his burden of production, petitioner must come forward with evidence sufficient to persuade the Court that respondent's determinations are incorrect.

2.    Section 6651(a)(1)

Respondent determined that petitioner is liable for additions to tax under section 6651(a)(1) for the years at issue. Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any extension of time for filing), unless the taxpayer can establish that such failure is due to reasonable cause and not willful neglect.  Petitioner is deemed to have stipulated that he failed to file Federal income tax returns for the years at issue.  The Court finds respondent has met his burden of production with regard to the additions to tax under section 6651(a)(1).

Petitioner has presented no evidence indicating his failure to file was due to reasonable cause or that respondent's determination is otherwise incorrect. Accordingly, the Court finds petitioner is liable for additions to tax under section 6651(a)(1) for the years at issue.

3. Section 6654(a)

Respondent determined that petitioner is liable for additions to tax under section 6654(a) for failure to make estimated tax payments for the years at issue. A taxpayer has an obligation to pay estimated tax for a particular year only if he has a "required annual payment" for that year. Sec. 6654(d). A "required annual payment" is equal to the lesser of (1) 90 percent of the tax shown on the individual's return for that year (or, if no return is filed, 90 percent of his or her tax for such year), or (2) if the individual filed a return for the immediately preceding taxable year, 100 percent of the tax shown on that return. Sec. 6654(d)(1)(A), (B), and (C); Wheeler v. Commissioner, 127 T.C. 200, 210-212 (2006); Heers v. Commissioner, T.C. Memo. 2007-10.

Respondent introduced evidence to prove petitioner was required to file Federal income tax returns for the years at issue. Petitioner failed to file returns for the years at issue, and petitioner failed to make any estimated tax payments for the years at issue, other than the amounts withheld. Petitioner also

failed to file a Federal income tax return for 1999.[5]  See <u>Rhodes v. Commissioner</u>, T.C. Memo. 2003-133, affd. 152 Fed. Appx. 340 (5th Cir. 2005).  Thus, the Court finds that respondent has met his burden of production with regard to the additions to tax under section 6654(a).  Petitioner offered no evidence to refute respondent's evidence or to establish a defense to respondent's determination that petitioner is liable for the section 6654 additions to tax.  Therefore, the Court finds petitioner is liable for additions to tax under section 6654 for the years at issue.

C.    <u>Penalty Under Section 6673(a)(1)</u>

Section 6673(a)(1) authorizes the Court to require a taxpayer to pay the United States a penalty in an amount not to exceed $25,000 whenever the taxpayer's position is frivolous or groundless or the taxpayer has instituted or pursued the proceeding primarily for delay.  Respondent has not asked the Court to impose a penalty under section 6673(a) against petitioner.  However, the Court may, sua sponte, impose this penalty.  <u>Pierson v. Commissioner</u>, 115 T.C. 576, 580 (2000); <u>Rewerts v. Commissioner</u>, T.C. Memo. 2004-248; <u>Jensen v. Commissioner</u>, T.C. Memo. 2004-120.

---

[5] Sec. 6654(d)(1)(B)(ii) is inapplicable for 2000 because petitioner failed to file his return for 1999.

In <u>Rhodes v. Commissioner</u>, T.C. Memo. 2003-133, the Tax Court imposed a penalty of $2,000 on petitioner pursuant to section 6673(a)(1) because petitioner had advanced frivolous arguments. Before trial in the instant case, the Court warned petitioner on seven occasions that it would impose a penalty under section 6673(a)(1) if he continued to advance frivolous arguments. At trial, the Court also warned petitioner on numerous occasions that if he continued to advance frivolous arguments, it would impose a penalty under section 6673(a)(1).

Despite the warnings of the Court, petitioner continued to assert groundless arguments. Under the circumstances, the Court will, on its own motion, impose a penalty of $15,000 on petitioner pursuant to section 6673(a)(1).

In reaching our holdings, we have considered all arguments made, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.
