T.C. Memo. 2008-225

UNITED STATES TAX COURT

ALEX B. RHODES, JR., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 1582-07, 21381-07.[1]  Filed October 2, 2008.

Alex B. Rhodes, Jr., pro se.

Christopher S. Kippes, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, Judge:  Alex B. Rhodes, Jr., is no stranger to our
Court.  Respondent determined the following deficiencies in and
additions to petitioner's Federal income tax:

_____

    [1]  These cases were consolidated for trial, briefing, and
opinion.

| Docket No. | Year | Deficiency [1] | Additions to Tax Sec. 6651(a)(1) | Sec. 6651(a)(2) | Estimated Sec. 6654 |
|---|---|---|---|---|---|
| 1582-07 | 2004 | $30,319.70 | $6,687.61 | $2,080.59 | $860.85 |
| 21381-07 | 2005 | 25,846.00 | 5,522.00 | 1,227.25 | 978.75 |

[1]  The deficiencies for 2004 and 2005 include 10-percent additional tax pursuant to sec. 72(t) of $543.70, and $336, respectively.

On February 19, 2008, petitioner provided respondent with signed, completed Forms 1040, U.S. Individual Income Tax Return, for 2004 and 2005.  On the basis of these returns the parties have stipulated the following deficiencies in and additions to petitioner's Federal income tax, pending our decision on petitioner's argument, as follows:

| Docket No. | Year | Deficiency | Additions to Tax Sec. 6651(a)(1) |
|---|---|---|---|
| 1582-07 | 2004 | $11,633 | $2,759 |
| 21381-07 | 2005 | 7,838 | 1,634 |

Additionally, respondent determined an addition to tax pursuant to section 6654.[2]

The issues for decision are:  (1) Whether wages and a distribution from a qualified retirement plan constitute taxable income, (2) whether petitioner is liable for additions to tax pursuant to sections 6651(a)(1) and 6654,[3] and (3) whether

---

[2]  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[3]  Respondent concedes that petitioner is not liable for additions to tax pursuant to section 6651(a)(2) for the years in issue.

petitioner is liable for a penalty pursuant to section 6673(a)(1).

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time he filed the petition, petitioner resided in Texas.

During the years at issue petitioner submitted to respondent invalid "zero" returns. In 2004 petitioner received compensation reported on Forms W-2, Wage and Tax Statement, of $119,360 from MBNA Technology, Inc., and $1,142 from Coca-Cola Enterprises, Inc. In addition, petitioner received an early distribution from a qualified retirement plan of $5,437 from MBNA Corp.

Attached to his Form 1040 petitioner submitted a letter stating he had no income in 2004. The letter was filled with protester arguments. The Internal Revenue Service rejected the 2004 return and assessed a $500 penalty pursuant to section 6702(a).

Aside from $597 withheld by MBNA Corp. from a qualified retirement plan distribution, petitioner made no deposits towards his Federal income tax liability for 2004. In 2005 petitioner received compensation reported on Forms W-2 of $110,379 from MBNA Technology, Inc., and $853 from Coca-Cola Enterprises, Inc., and an early distribution from a qualified retirement plan of $3,358

from Northern Trust Co. For 2005 petitioner failed to make estimated tax payments other than $920 withheld by MBNA Technology, Inc., and $301 withheld by Northern Trust Co.

On February 19, 2008, petitioner provided respondent with signed, completed Forms 1040 for 2004 and 2005.

At trial the Court warned petitioner on numerous occasions that the arguments he was making were frivolous and it has imposed penalties under section 6673 against taxpayers who raise such arguments. Additionally, the Court reminded petitioner that it had already twice imposed penalties under section 6673 against him and that the U.S. Court of Appeals for the Fifth Circuit, to which an appeal in this case would lie, had also sanctioned petitioner. Despite the Court's warnings, petitioner continued to make the frivolous and groundless arguments at trial.

OPINION

I. Income Tax Deficiencies

Throughout this case petitioner presented tax-protester arguments to assert that he was not liable for Federal income tax deficiencies as determined in the notices of deficiency for the years at issue, including: (1) He is not a taxpayer; (2) respondent has no jurisdiction over him; (3) his wages did not constitute gross income; and (4) respondent lacks authority to assert income tax deficiencies. Petitioner's assertions have been rejected by this Court and other courts, and "We perceive no

need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984); see Stelly v. Commissioner, 761 F.2d 1113, 1115 (5th Cir. 1985) ("It is clear beyond peradventure that the income tax on wages is constitutional"); United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981) ("compensation for labor or services, paid in the form of wages or salary, has been universally held by the courts of this republic to be income, subject to the income tax laws currently applicable"); Wetzel v. Commissioner, T.C. Memo. 2005-211 (rejecting as frivolous the argument that the taxpayer was not a taxpayer); Nunn v. Commissioner, T.C. Memo. 2002-250 (rejecting as without merit the argument that the Commissioner had no jurisdiction over the taxpayer or his documents). The Court rejects petitioner's tax-protester arguments as frivolous and without merit.

Section 61(a) defines gross income for purposes of calculating taxable income as "all income from whatever source derived". Section 1 imposes a tax on individuals for taxable income received. The liability for the payment of the income tax is on the individual earning the income. Lucas v. Earl, 281 U.S. 111, 114-115 (1930).

Respondent determined that in the years at issue petitioner received and failed to report gross income in the form of wages and distributions from qualified retirement plans. Respondent also determined that petitioner failed to file Federal income tax returns for the years at issue and make estimated tax payments, other than the tax withheld.

Generally, the taxpayer has the burden of proving the Commissioner's determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The U.S. Court of Appeals for the Fifth Circuit has held that in unreported income cases "The Commissioner has no duty to investigate a third-party payment report that is not disputed by the taxpayer." Parker v. Commissioner, 117 F.3d 785, 787 (5th Cir. 1997); see Andrews v. Commissioner, T.C. Memo. 1998-316. Generally, a third-party payment report is not in dispute unless the taxpayer files a Form 1040 or other sworn document denying receipt of unreported income. Parker v. Commissioner, supra; Spurlock v. Commissioner, T.C. Memo. 2003-248; Andrews v. Commissioner, supra.

Petitioner received from third-party payors: (1) In 2004 wage income of $119,360 and $1,142 from MBNA Technology, Inc., and Coca-Cola Enterprises, Inc., respectively, and a taxable distribution of $5,437 from MBNA Corp; (2) in 2005 wage income of $110,379 and $853 from MBNA Technology, Inc., and Coca-Cola Enterprises, Inc., respectively.

## II.  Additions to Tax

### A.  Burdens of Production and Proof

Respondent bears the burden of production with respect to petitioner's liability for the additions to tax.  See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001). To meet his burden of production, respondent must come forward with sufficient evidence indicating it is appropriate to impose the additions to tax.  See Higbee v. Commissioner, supra at 446. Once respondent meets his burden of production, petitioner must come forward with evidence sufficient to persuade the Court that respondent's determinations are incorrect.  See id. at 447.

### B.  Section 6651(a)(1)

Respondent determined that petitioner is liable for additions to tax under section 6651(a)(1) for the years at issue. Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any extension of time for filing), unless the taxpayer can establish that such failure is due to reasonable cause and not willful neglect.  Petitioner stipulated that he failed to file Federal income tax returns for the years at issue.  The Court finds respondent has met his burden of production with regard to the additions to tax under section 6651(a)(1).  Petitioner has presented no evidence indicating his failure to file was due to reasonable cause or that respondent's determination is otherwise

incorrect. Accordingly, the Court finds petitioner is liable for additions to tax under section 6651(a)(1) for the years at issue.

C. Section 6654(a)

Respondent determined that petitioner is liable for additions to tax under section 6654(a) for failure to make estimated tax payments for the years at issue. A taxpayer has an obligation to pay estimated tax for a particular year only if he has a "required annual payment" for that year. Sec. 6654(d). A required annual payment generally is equal to the lesser of (1) 90 percent of the tax shown on the individual's return for that year (or, if no return is filed, 90 percent of his or her tax for such year), or (2) if the individual filed a return for the immediately preceding taxable year, 100 percent of the tax shown on that return. Sec. 6654(d)(1)(B); Wheeler v. Commissioner, 127 T.C. 200, 210-211 (2006), affd. 521 F.3d 1289 (10th Cir. 2008); Heers v. Commissioner, T.C. Memo. 2007-10.

Respondent introduced evidence to prove petitioner was required to file Federal income tax returns for the years at issue. Petitioner failed to file returns for the years at issue, and petitioner failed to make any estimated tax payments for the years at issue, other than the amounts withheld. Petitioner has also failed to file Federal income tax returns since at least 1997. See Rhodes v. Commissioner, T.C. Memo. 2007-206; Rhodes v. Commissioner, T.C. Memo. 2003-133, affd. 152 Fed. Appx. 340 (5th

Cir. 2005). Thus, the Court finds that respondent has met his burden of production with regard to the additions to tax under section 6654(a). Petitioner offered no evidence to refute respondent's evidence or to establish a defense to respondent's determination that petitioner is liable for the section 6654 additions to tax. Therefore, the Court finds petitioner is liable for additions to tax under section 6654 for the years at issue.

## III.  Penalty Under Section 6673(a)(1)

Section 6673(a)(1) authorizes the Court to require a taxpayer to pay the United States a penalty in an amount not to exceed $25,000 whenever the taxpayer's position is frivolous or groundless or the taxpayer has instituted or pursued the proceeding primarily for delay. Respondent has not asked the Court to impose a penalty under section 6673(a) against petitioner. However, the Court may, sua sponte, impose this penalty. Pierson v. Commissioner, 115 T.C. 576, 580 (2000); see Rewerts v. Commissioner, T.C. Memo. 2004-248.

In Rhodes v. Commissioner, T.C. Memo. 2007-206, and Rhodes v. Commissioner, T.C. Memo. 2003-133, the Court imposed penalties of $15,000 and $2,000, respectively, on petitioner pursuant to section 6673(a)(1) because petitioner advanced frivolous arguments. Additionally, the U.S. Court of Appeals for the Fifth Circuit imposed sanctions of $6,000 on petitioner for bringing a

frivolous appeal. <u>Rhodes v. Commissioner</u>, 152 Fed. Appx. at 342-343. At trial in the instant case, the Court warned petitioner on several occasions that it would impose a penalty under section 6673(a)(1) if he continued to advance frivolous arguments. Despite the warnings of the Court, petitioner continued to assert groundless arguments. We conclude that in both dockets petitioner's position was frivolous and groundless and that petitioner instituted and maintained these proceedings primarily for delay. Accordingly, pursuant to section 6673(a)(1), we hold petitioner is liable for a $15,000 penalty in docket No. 1582-07 and a $10,000 penalty in docket No. 21381-07.

In reaching our holdings, we have considered all arguments made, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decisions will be entered</u>

<u>under Rule 155</u>.